The opinion of the Court was delivered by
Wardlaw, J.
It will be seen from the report that the instructions which were given to the jury, are misstated in the grounds of appeal. The presumption of title, arising from long continued possession, unquestioned and unexplained, was not held to be a presumption juris et de jure, irrebuttable, such as the Court might make; nor even one which the jury were bound to make without regard to the circumstances which contradicted it; but it was considered a presumption of fact to which an artificial force is ascribed by the law, and which the jury were recommended to make, not because they believed the fact, but because it is wise and expedient to respect what is consecrated by time, and to give the same measure to all in the same condition, by giving effect to the fixed period of twenty years as a rule, instead of producing the uncertainty *429 and inequality wbicb must result from tbe various impressions wbicb circumstantial evidence makes upon various minds, (See McClure vs. Hill, 2 Mills, 425; 12 Ves. 266.) This presumption is like tbe presumption of tbe payment of a bond after twenty years unexplained, and like tbe presumption of. right tbat arises from tbe enjoyment of an easement for twenty years. Prescription, used in its strict sense, does not give title to lands, but only to things tbat lie in grant; but tbe ancient prescription is different from tbe modern presumption of a non-existing instrument; and many of our cases show tbat tbe presumption from long continued enjoyment is not less applicable to tbe land itself, than to any incorporeal incident appertaining to it. (McLeod vs. Rogers & Gardner, 2 Rich. 22; Gray vs. Bates, 3 Strob. 500.) Tbe presumption is founded upon tbe supposed acquiescence of tbe person shown to have been tbe former owner, and infers such transfer of bis right as legalized tbe enjoyment. Upon him is thrown tbe burden of rebutting tbe inference, and this be may do by showing tbat be endured the invasion of bis right not because he acquiesced in it, but because be was under disability to resist it. Infancy has been regarded as such disability, for although an infant may sue, be is presumed to be without tbe discretion necessary for determining when and bow to prosecute an action. Tbe incapacity of the'former owner to convey without direct violation of a trust has also been held to rebut tbe presumption of bis conveyance. (Habersham vs. Hopkins, 4 Strob. 240.) Upon tbat bolding, tbe plaintiff rests tbe only' fact urged by him to rebut tbe presumption in this case. It is this: Tbe will of Thomas Wadswortb denies to the trustees appointed in it for carrying out bis intentions concerning a school, tbe power to sell any of bis lands in fee, but it authorizes them to exchange them, acre for acre, for lands in tbe lower battalion of Laurens District. Conveyance from tbe trustees cannot then, it is said, be presumed, for it would have been in violation of their trust. Non constat however, for *430 they may have exchanged. — and beyond tbat, if neessary, a conveyance from Tbomas Wadswortb during bis life, or from William Turpin, Wadsworth’s vendor, might be presumed, for no exercise of ownership under the grant to Turpin, at any time has been shown.
The plaintiff then falls back upon the Act of 1805, which suspended the Statute of Limitations as to the lands devised by Thomas Wadsworth, and upon the case of the Trustees of the Wadsworthville Poor School vs. Metz, 4 Rich. 50, which held that suspension to be perpetual. An examination of that case will show that the presumption which we are considering, would have availed for the defendant there, if his vendor had not acknowledged himself to be in under a lease; and further that presumptions from time and circumstances are necessary to the plaintiff’s title, which is deficient in the want of a conveyance from Wadsworth’s devisees to the plaintiff, an artificial person created by Act of incorporation in 1810. But we cannot perceive the influence which the suspending Act of 1805 has upon the presumption. No disability of the trustees, or of the incorporated body to sue was produced by it. Their acquiescence in trespasses upon their right derives no explanation from it. The presumption is independent of the Statute of Limitations; it applies to subjects not within the Statute, and it depends on principles which would operate if there was no such Statute. (See 2 Rich. 22; 3 Strob. 500; 1 McMul. 447.) The period of twenty years was originall adopted in analogy to the English Statute of Limitations; but it has no connexion with our Statute. It would be a great stretch of the special indulgence given by the suspending Act, to say that thereby the plaintiff was not only shielded against the effect of ten years’ possession, (five in 1805), but was indemnified against all the effect of time and acquiescence.
This Court is satisfied with the instructions which were given, and with the verdict.
The motion is dismissed.
*431 Whitner, G-lover and Munro, JJ., concurred.